NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| PAUL S. ROTHSTEIN, COHN LIFLAND PEARLMAN, HERMANN & KNOPF, LLP and TREIF AND OLK, | : : : : : | |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civ. No. 2:10-01421 (WHW) |
| RONALD M. HARSTAD | : : : | |
| Defendant. | : : | |

**Walls, Senior District Judge**

Defendant has moved under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure to dismiss plaintiffs' complaint, or alternatively to transfer venue. This Court decides the motion without oral argument in accordance with Federal Rule of Civil Procedure 78(b). The motion is denied.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiff Rothstein retained defendant as an expert witness in May 2006 for a class action suit in New Jersey Superior Court. (Compl. ¶ 8.) Plaintiffs Cohn Liffland Pearlman, Hermann & Knopf, LLP, and Treif & Olk were added as counsel to the class action. (Compl. ¶ 10.) Plaintiffs are residents of Florida, New Jersey, and New York. (Compl. ¶¶ 1, 2, & 4.) Defendant is a resident of Missouri. (Compl. ¶ 5.) Defendant came to New Jersey twice in connection with his work on the class action. (Compl. ¶ 12; Def.'s Mem. of L. in Supp. of Def.'s Mot. to Dismiss 5 ("Def.'s Mem.").)

1

Plaintiffs allege that defendant took "unreasonable amounts of time" in performing his work, charging plaintiffs "outrageous sums, substantially in excess of the agreed amounts." (Compl. ¶ 15.) Defendant has threatened to sue plaintiff for failing to pay him, and plaintiffs have responded by seeking a declaratory judgment that they are not liable to defendant for any amount beyond what they have already paid. (Compl. ¶ 30.)

Plaintiffs filed suit against defendant on March 18, 2010 seeking declaratory relief and any further relief that the Court deems just and proper. (Compl. 5.) Defendant moved to dismiss, in lieu of answering plaintiffs' complaint, on April 13, 2010 for lack of personal jurisdiction. (Def.'s Mot. to Dismiss.) Plaintiffs opposed the motion on May 3, 2010. (Pls.' Mem. of Law in Opp. to Def.'s Mot. to Dismiss or in the Alternative to Transfer Venue ("Pls.' Opp. Mem").)

## LEGAL STANDARDS

*1. Personal Jurisdiction*

Pursuant to Federal Rule of Civil Procedure 4(e), federal "district courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits." Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 31 (3d Cir. 1993). New Jersey's long arm statute provides for personal jurisdiction as far as is permitted by the Fourteenth Amendment to the United States Constitution. See Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992); Nicastro v. McIntyre Mach. Am., Ltd., 201 N.J. 48, 72 (2010). The question of whether this Court has jurisdiction over the defendant is determined by federal constitutional law. See Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 (3d Cir. 1990).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235 (1958). The plaintiff has the burden of proving that the defendant has purposefully availed himself of the forum state. See Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

To prove that the defendant has purposefully availed itself of the forum state, a plaintiff may rely upon a defendant's specific contacts with the forum state. When a claim is related to or arises of out the defendant's contacts with the forum, personal jurisdiction pursuant to such contacts is referred to as specific jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F.2d 208, 211 (3d Cir. 1984).

To satisfy specific jurisdiction, a court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted). What constitutes minimum contacts varies with the "quality and nature of the defendant's activity." Hanson, 357 U.S. at 253. In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

2. *Venue*

To survive a motion to dismiss for improper venue, the plaintiff must make a prima facie showing of venue. See Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004); Home Ins. Co. v.

3

Thomas Indus., Inc., 896 F.2d 1352, 1357 (11th Cir. 1990).  Where jurisdiction is founded only on diversity of citizenship, venue is proper in any of three circumstances:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

## DISCUSSION

1. *Personal Jurisdiction*

Defendant argues that this Court lacks personal jurisdiction over him because he does not have sufficient contacts with New Jersey to support a finding of specific jurisdiction, much less general jurisdiction.  In particular:

> The contract was formed in Missouri.  Harstad was solicited in Missouri by Rothstein who, upon information and belief, was in Florida.  The terms of their agreement were negotiated during phone conversations with Harstad in Missouri and Rothstein in Florida.  The agreement was reduced to writing, which writing includes no reference to New Jersey . . . . Assignments were communicated to Harstad in Missouri by the Plaintiffs over the phone.  Harstad's contacts with New Jersey consisted of two visits with Plaintiffs to discuss the work he was doing in the context of the Yariv case.  None of the consulting work he was doing in the Yariv case was done in New Jersey, aside from the referenced meetings.  Invoices were periodically sent from Missouri to Rothstein in Florida.  Partial payments that were made by Plaintiffs were sent to Harstad's residence in Missouri.

(Def.'s Mem. 5-6.)  Plaintiffs respond that defendant's two trips to New Jersey, and his preparation and execution of a certification submitted to a New Jersey state court, subject him to the jurisdiction of this Court.  (Pls.' Opp. Mem. 2.)

4

Plaintiffs further assert in a sworn affidavit that defendant affirmed by phone, when he agreed to be an expert witness for the New Jersey action, that he "understood that his retention likely would involve trips to New Jersey and that he would make himself available to visit New Jersey when and as often as necessary . . . . He specifically represented that he would be available to travel to New Jersey to attend his deposition, the depositions of other witnesses, and to testify at hearings, including the class certification hearing, and at trial."  (Cert. of Paul S. Rothstein in Opp. to Def.'s Mot. to Dismiss ¶ 5.)

This Court finds that defendant has had sufficient contacts with New Jersey to justify the Court's exercise of personal jurisdiction over him.  In particular, defendant accepted a job knowing that he would often need to travel to New Jersey, he travelled twice to New Jersey, and he submitted a certificate to New Jersey Superior Court.  These facts easily support the finding that defendant purposefully availed himself of New Jersey, and that he "reasonably anticipated being haled into court" in New Jersey.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted).

2. *Venue*

Defendant argues that venue is improper in New Jersey because "Defendant does not reside in New Jersey, is not subject to personal jurisdiction here, and all of the events underlying this lawsuit occurred elsewhere."  (Def.'s Mem. 7.)  Defendant asks that this Court transfer the case to Missouri, where he alleges venue is proper.  Plaintiffs respond that venue is proper under the disjunctive three-part test of 28 USC § 1391(a)(2).

The second prong of § 1391(a)(2)'s test requires that "a substantial part of the events or omissions giving rise to the claim occurred" in the state at issue.  A "substantial part" may be less than the majority.  Park Inn Int'l, LLC v. Mody Enter., Inc., 105 F.Supp.2d 370, 376 (D.N.J.

5

2000). "[I]t is possible for venue to be proper in more than one district," Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004), and district courts considering a motion to dismiss or transfer for improper venue need not find the district having the most significant connection to the claim at issue. Id.; see Frank M. Sheesley Co. v. HES Constructors, Inc., Civ. No. 3:06-198, 2007 WL 2823482, at *3 (W.D. Pa. Sept. 26, 2007) ("The present law seeks to limit unnecessary litigation by allowing suit to be brought in multiple for a so long as certain conditions are satisfied."). "[I]n determining whether events or omissions are sufficiently substantial to support venue, a court should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather it should review 'the entire sequence of events underlying the claim.'" Id. (quoting First of Mich. Corp. v. Bramlet, 141 F.3d 260, 264 (6th Cir. 1998)).

The same facts supporting the existence of personal jurisdiction in this case show that venue is proper. The underlying litigation, which defendant was hired to assist as an expert witness, was brought in New Jersey state court. Without this New Jersey law suit, defendant would have not have been hired as an expert witness, and the present litigation would not have arisen. This demonstrates that a substantial part of the events occurred in New Jersey. But still more facts, uncontested by defendant, show that New Jersey is a proper venue for this case. Defendant agreed to come to New Jersey to serve as an expert witness, travelled to New Jersey twice to execute his position as an expert witness, and submitted at least one document to New Jersey Superior Court. This Court finds that a "substantial part of the events or omissions giving rise to the claim occurred" in New Jersey, satisfying the second element of the statutory test.

## CONCLUSION

Because defendant has had sufficient contacts with New Jersey, this Court may exercise personal jurisdiction over him. Defendant's motion to dismiss for lack of personal jurisdiction is

denied.  Moreover, because this Court finds that venue is proper, defendant's motion to dismiss or transfer for improper venue is denied.


August 17, 2010                                                         **/s William H. Walls**
                                                                        United States Senior District Judge